IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID IVY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:13-cv-02374-TLP-cgc |
| v. ) | |
| ) | |
| WARDEN KENNETH NELSEN, ) | |
| ) | |
| Petitioner. ) | |
| ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, GRANTING MOTIONS TO REMOVE PETITIONER'S COUNSEL, TO APPOINT NEW COUNSEL, AND TO SUBSTITUTE COUNSEL**

Petitioner David Ivy moved pro se to remove his counsel of record and for the Court to appoint new counsel and he submitted an ex parte motion under seal about the same matter on the same day. (ECF Nos. 189, 190.) Ivy seeks conflict-free counsel and argues that his present counsel has a pattern of misrepresentation and neglect, has failed to exhaust state remedies and to proceed within the statute of limitations, and has failed to use critical evidence. (*See* ECF No. 190.)

Petitioner is represented by attorneys in the Capital Habeas Unit for the Federal Public Defender's Office in the Middle District of Tennessee ("MDTN-CHU"). Petitioner's counsel also moved to substitute counsel asserting that the attorney-client relationship is irreparably broken. (ECF No. 192.) Counsel asserted that efforts to reconcile the relationship failed and that the Federal Defender Services of East Tennessee ("FDSET") is willing to accept the appointment. (*Id.* at PageID 15421.) Counsel informed the Court that Petitioner wished to

address the Court (*see id.*), so the Court ordered Petitioner to respond to counsel's motion. (ECF No. 193.)

Petitioner opposes the suggestion that the Court appoint counsel from FDSET. (ECF No. 195 at PageID 15433.)[1] He contends that the FDSET was appointed initially for his habeas corpus proceedings[2] and that, because of Petitioner's concerns, Kelley Henry of the MDTN-CHU told Petitioner that she was familiar with the FDSET attorneys and could arrange for the MDTN-CHU to take on the representation. (*Id.*) Petitioner does not state what concerns he had about the FDSET representing him. But he then agreed to let the MDTN-CHU represent him. (*Id.*)

Petitioner alleges that he intends to raise issues about the MDTN-CHU's representation including assertions about a conflict of interest, gross negligence, and abandonment of Petitioner's appeal as claims of ineffective assistance of counsel.[3] (*Id.*) Petitioner notes that the FDSET and MDTN-CHU attorneys are in the same professional circle and asserts that, "to zealously advocate for the petitioner," the FDSET attorneys would have to challenge the work of a colleague. (*Id.* at PageID 15434.) Petitioner argues that, because of the institutional ties between these two offices, the substitution of the FDSET attorneys would create an apparent conflict of interest, and Petitioner would be denied conflict-free counsel. (*Id.*) Petitioner seeks

---

[1] The Court construes ECF No. 195 as a response to the Motion to Substitute Counsel. The Clerk is respectfully directed to terminate ECF No. 195 as a motion on the docket.
[2] The docket does not reflect that the FDSET ever entered an appearance as counsel for Petitioner.
[3] Petitioner may try to allege that the MDTN-CHU was ineffective in the federal habeas proceedings. This would likely fail because there is no constitutional right to the effective assistance of habeas counsel. *See Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991); *see Smith v. Brunsman*, No. 18-3990, 2019 WL 5260161, at *2 (6th Cir. Jan. 25, 2019).

the appointment of Out-of-State counsel with no prior professional or personal ties to the Tennessee Federal Defender community.  (*Id.*)

When a petitioner is dissatisfied with his court-appointed counsel, the district court must inquire into the petitioner's complaints and determine whether there is good cause for substitution of counsel.  *See Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008).  The statute, 18 U.S.C. § 3599 (a), "leaves it to the court to select a properly qualified attorney." *Christeson v. Roper*, 574 U.S. 373, 377 (2015).  The statute also contemplates that the court may replace appointed counsel with "similarly qualified counsel . . . upon motion of the defendant." 18 U.S.C. § 3599(e); *see Stephenson v. Mays*, No. 3:14-CV-00414, 2018 WL 2422742, at *2 (E.D. Tenn. May 29, 2018).

Based on a review of the pleadings, the Court finds that the attorney-client relationship between Petitioner and his appointed counsel has deteriorated and is irreparably broken.  (*See* ECF No. 190 at PageID 15357–58, 153560; *see* ECF No. 192 at PageID 15419–20.)  The Court finds that the appointment of new counsel is in the interests of justice, and that Petitioner does not seek to delay the proceedings through his motion for new counsel.  Petitioner has shown good cause for removal of his present counsel and the appointment of new counsel.

The motions to remove counsel (ECF Nos. 189, 190) are **GRANTED**.  The Court **ORDERS** that the Federal Public Defender for the Middle District of Tennessee is removed as counsel in this this matter.

As to Petitioner's request for conflict-free, out-of-state counsel with no ties to the Tennessee Federal Defender community, this is a bridge too far.  Professional association alone does not create a conflict of interest.  *See People v. Hartfield*, 596 N.E.2d 703, 711 (Ill. 1992) ("assigning a public defender to represent a convicted person in an ineffective assistance of

counsel claim against another attorney from the same office does not present a per se conflict of interest"); *see People v. Boswell*, 180 N.E.3d 209 (Ill. App. 2020).  In this case, there are two public defenders' offices at issue.  That they are both in Tennessee does not create an apparent or actual conflict.  The Court does not rule out appointment of the FDSET as counsel for Petitioner.

The Motion to Substitute Counsel is **GRANTED**.

The Court will appoint counsel for Petitioner in a separate order after consideration of the qualified federal habeas counsel available to take on the representation.

**SO ORDERED**, this 28th day of January, 2026.

                                       s/Thomas L. Parker
                                      THOMAS L. PARKER
                                      UNITED STATES DISTRICT JUDGE